UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARY GUSTAFSON,

        Plaintiff,

        v.

CITY OF SAN JOSE, et al.,

        Defendants.

Case No. 5:19-cv-03047-EJD

**AMENDED ORDER REGARDING JUDGE COUSINS GRANT OF LEAVE TO AMEND**

Re: Dkt. No. 17

On May 20, 2019, pro se Plaintiff Mary Gustafson filed a Complaint against the City of San Jose and Sam Liccardo, the Mayor of San Jose (though elsewhere Plaintiff also identifies the "San Jose Office of the City Attorney Allan Lipton" as another possible defendant). Complaint ("Compl.") at 1, 7, Dkt. 1. The Complaint was originally filed in the Central District of California, but the case was transferred to the Northern District after Judge MacKinnon determined the Central District was an improper venue. Order Transferring Action to United States District Court for the Northern District of California at 3, Dkt. 4.

Magistrate Judge Cousins was first assigned the case. After granting Plaintiff's motion to proceed in forma pauperis, Judge Cousins noted that the Complaint is fairly difficult to comprehend; it consists of a cover sheet listing "a case of discrimination to a alderly senior 76, with false charges, Fraud" as causes of action and that she is "[d]efending [her] civil rights." Order Granting IFP Application ("Cousins Order") at 2, Dkt. 8 (citing Compl. at 1). Following this cover sheet is correspondence between Plaintiff and various government entities, including the United States District Court for the Eastern District of California, the Federal Trade Commission, the City of San Jose, the California Department of Justice, the Contra Costa County Civil Grand

Case No.: 5:19-cv-03047-EJD
AMENDED ORDER REGARDING JUDGE COUSINS GRANT OF LEAVE TO AMEND
1

United States District Court
Northern District of California

Jury, and the Department of Fair Employment and Housing. Compl. at 2–20.

The case stems from a $35,600.00 citation from the City of San Jose for code enforcement violations relating to an allegedly unpermitted sunroom on Plaintiff's San Jose home. *Id.* at 20. The correspondence outlined above details Plaintiff's assertions that she never had any unauthorized work done to the home. *See id.* at 3, 11, 14, 18, 19. Instead, Plaintiff argues the home is exempt from permitting requirements for add-ons. *Id.* at 22. Plaintiff asserts that the City of San Jose cited her only for revenue and that she is being discriminated against and harassed by City employees. *Id.* at 3, 11.

After reviewing the Complaint, on June 11, 2019, Judge Cousins determined it was "insufficiently pled under 28 U.S.C. § 1915 because it fail[ed] to state a plausible claim, fail[ed] to establish the Court's jurisdiction, and fail[ed] to make a claim for relief sought, as required by Fed. R. Civ. P. 8(a)(1)–(3)."[1] Cousins Order at 5. Judge Cousins granted Plaintiff leave to amend to cure the deficiencies in the Complaint; that Amended Complaint was due July 19, 2019. *Id.* On June 19, 2019, Plaintiff subsequently declined magistrate judge jurisdiction, and the case was randomly assigned to this Court. *See* Consent or Declination to Magistrate Judge Jurisdiction, Dkt. 11; Order Reassigning Case, Dkt. 15.

Plaintiff neither filed an Amended Complaint curing the deficiencies in her Complaint, nor served any Defendants with process. Further, Plaintiff and Defendants were supposed to file a Joint Case Management Statement on September 30, 2019. *See* Dkt. 16. None of these things were done. Instead, Plaintiff (or Gilbert Rivero on her behalf) filed a series of letters, which this Court addresses below.

**Gilbert Rivero Letters**

Gilbert Rivero filed two letters on Plaintiff's behalf: one on June 13, 2019, see Dkt. 9, and another on September 19, 2019, see Dkt. 17. Mr. Rivero may not pursue this claim on Plaintiff's behalf; Plaintiff must pursue her own claim. *See* N.D. Cal. L.R. 3-9(a) ("Any party representing

---

[1] Rather than recount the reasons for deficiency, this Court refers Plaintiff to Judge Cousins' order.

him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court."); *Craig v. Boren*, 429 U.S. 190, 193 (1976) (third-party standing generally not allowed). Plaintiff must prosecute the case herself, not through Mr. Rivero.

**Plaintiff's Letters**

*Dkt. 10.* This letter was filed with the Court on June 13, 2019. It appears to have been originally sent to Sam Liccardo, the Mayor of San Jose. In it, Plaintiff demands damages for "fraud" and other "violation[s] of civil rights." Dkt. 10 at 1. Plaintiff, however, must plead and prove these violations in order to receive damages from Defendant Liccardo. It is insufficient to simply send Defendant Liccardo a letter demanding damages.

*Dkt. 12.* This letter was filed with the Court on June 19, 2019 (although it appears to be written June 12, 2019) and responds to Judge Cousins' order. This Court addresses Plaintiff's questions and comments:

1. "I was informed this case is criminal and civil."

    • This case is only civil, it is not criminal, and thus Plaintiff will not receive a Federal Public Defender (see below).

2. "I did not ask for a damage amount."

    • As Judge Cousins notes, Plaintiff must specify either an amount sought or the type of non-monetary relief requested. Fed. R. Civ. P. 8(a)(3). If Plaintiff files an amended complaint, she must explain what relief she seeks.

3. "I object to this case being reviewed and decided in any Santa Clara County, San Jose California Court House."

    • The Court **overrules this objection.** This case was randomly assigned to the Court pursuant to Local Rule 3-2(e). *See* N.D. Cal. L.R. 3-2(e) ("[A]ll civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division."). Because the claim arises out of property situated in and events that occurred in San Jose, San Jose is the proper place for this case to be

Case No.: 5:19-cv-03047-EJD
AMENDED ORDER REGARDING JUDGE COUSINS GRANT OF LEAVE TO AMEND

1  heard.

2  ***Dkt. 13.*** This letter was filed with the Court on June 19, 2019. The letter includes

3  supplemental documents that were already filed with the Complaint. In this letter, Plaintiff

4  declines magistrate judge jurisdiction, discusses not receiving any response from Defendants, and

5  lists her efforts to pursue this claim. This Court responds to Plaintiff's questions and comments:

6      1. "Is it possible to forward this case to be heard in the Contra Costa U.S. Court District?"

7          • Plaintiff's request to transfer is **DENIED.** It is not possible for Plaintiff to seek a

8          transfer to Contra Costa County. *See* 28 U.S.C. 1391(b).

9      2. "I have also requested from the Court to be assigned to a Public Defender to review this

10     case, but never received a reply."

11         • Judge Cousins discussed this in his order. As he noted, a public defender is only

12         available for criminal cases, this is a civil case. Cousins Order at 5. Instead, this

13         Court, like Judge Cousins, refers Plaintiff to Kevin Knestrick at the Federal Pro Se

14         Program. Help is provided by appointment or on a drop-in basis. The program is

15         located in Room 2070 on the second floor of the San Jose United States Courthouse

16         (280 South First St.). Plaintiff may call (408) 297-1480 or email at

17         kknestrick@asianlawalliance.org. More information is available here:

18         https://www.cand.uscourts.gov/helpcentersj. Plaintiff's request for appointment of

19         counsel is **DENIED.**

20     3. "I also have requested from the City of San Jose to provide me proof of other citations

21     issued to other homes . . . and of course they refuse, that is discrimination that proves I

22     have been singled out."

23         • Plaintiff's request for discovery is **DENIED.** This case has not yet progressed to

24         discovery, it is still in its pleading phase, and thus Defendants need not provide

25         Plaintiff with any information. In order to progress to discovery, Plaintiff must file an

26         Amended Complaint pursuant to Judge Cousins' order.

27

28   Case No.: 5:19-cv-03047-EJD

1

2      4. "Please let me know what other county and court house this can be heard and I will send in

3         consent forms."

4        • This Court may not provide Plaintiff with legal advice.

5      Before filing an amended complaint, this Court strongly urges Plaintiff to seek assistance

6  from the Pro Se Program (https://www.cand.uscourts.gov/helpcentersj).  If Plaintiff wishes to

7  continue with the lawsuit, Plaintiff must file an amended complaint as directed by Judge Cousins'

8  order.  *See* Cousins Order at 2–5.  Although the July 19, 2019 deadline set by Judge Cousins has

9  passed, the Court will extend the deadline in the interests of justice to **November 1, 2019**.  If

10  Plaintiff fails to file an amended complaint, this Court will dismiss the case with prejudice.  *See* 28

11  U.S.C. § 1915(e)(2)(ii) (stating court must dismiss pro se action if determines that plaintiff fails to

12  state a claim on which relief can be granted).

13      **IT IS SO ORDERED.**

14  Dated: October 2, 2019

15

16                 EDWARD J. DAVILA
               United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28  Case No.: 5:19-cv-03047-EJD
AMENDED ORDER REGARDING JUDGE COUSINS GRANT OF LEAVE TO AMEND
                                       5