UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY GUSTAFSON,<br><br>　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　Defendants. | Case No. 5:19-cv-03047-EJD<br><br>**ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**<br><br>Re: Dkt. No. 24 |

On October 2, 2019, this Court issued an order addressing various questions posed by Plaintiff and ordering Plaintiff to amend her complaint by **November 1, 2019**. Dkt. 19. As the Court instructed Plaintiff, the Court's ability to provide legal advice or aid to Plaintiff is limited. The Court urged Plaintiff to bring her letter and the Court's prior orders to Mr. Kevin Knestrick at the Federal Pro Se Program so that he could help Plaintiff with her questions.

Plaintiff submitted an amended complaint on October 28, 2019. *See* Dkt. 24 ("Amended Compl."). The amended complaint still fails to state a plausible claim for relief. *See* Order Granting IFP Application; Screening Complaint Under 28 U.S.C. § 1915 ("Judge Cousins' Order") at 1, Dkt. 8. Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice** pursuant to this Court's October 2, 2019 order. Dkt. 19. The Clerk is instructed to close the file.

**I.　SCREENING UNDER 28 U.S.C. § 1915**

　　**A. Legal Standard**

A complaint submitted by a person proceeding in forma pauperis[1] is subject to mandatory

---

[1] Judge Cousins granted Plaintiff's request to proceed in forma pauperis on June 11, 2019. Judge Cousins' Order at 1.
Case No.: 5:19-cv-03047-EJD
ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE
1

1  and sua sponte review and dismissal by the Court pursuant to 28 U.S.C. § 1915(a). The Complaint
2  may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be
3  granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.
4  § 1215(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

Under Rule 8(a), a pleading must include (1) a short and plain statement of the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief sought. Fed. R. Civ. P. 8(a)(1)–(3). The complaint need not allege detailed factual allegations, but it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Allegations in the Complaint

Much like Plaintiff's initial complaint, the Amended Complaint is "fairly difficult to comprehend." Judge Cousins' Order at 2. Unlike the original complaint, the Amended Complaint has no cover sheet listing causes of action. *Cf.* Amended Complaint (taking the form of one long letter). Like the first complaint, the Amended Complaint contains "many attachments," mostly letters and other documents sent between Plaintiff and various governmental entities including correspondence with this Court. Amended Complaint at 3–12. The Amended Complaint is addressed only to "City of San Jose Mayor Sam Lacardo," although it also mentions "Alan Lipton." *Id.* at 1. The Court thus construes the causes of action as only applying to Mayor Sam Liccardo and San Jose City Attorney Alan Lipton.

The original complaint indicated that Plaintiff was cited $35,600.00 by the City of San Jose for code enforcement violations relating to an allegedly unpermitted sunroom on her house in San Jose. *See* Dkt. 1 at 20. Now, however, the Amended Complaint seeks only "punitive damages due to [her] of $1000,000" and no mention of the original citation amount can be located. *See generally* Amended Complaint. Plaintiff indicates that the lawsuit is "no longer about a 50

Case No.: 5:19-cv-03047-EJD
ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE
2

year old room addition that was permitted and signed off . . . . But for damages due to me." *Id.* at 1. She insinuates that the City of San Jose is pursuing the citation against her because it needs revenue. *Id.* She also states that she is being singled out, discriminated against, and her civil rights are being violated because no other homes have been cited. *Id.*

### C. Possible Claims

#### i. Civil Rights – 42 U.S.C. § 1983

Because Plaintiff refers to her civil rights, the Court considers her allegations as a possible claim under 42 U.S.C. § 1983. *Id.* To state a claim under Section 1983, a plaintiff must allege (1) conduct committed by a person acting under color of state law; and (2) deprivation of her rights, privileges, or immunities secured by the Constitution or laws of the United States. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998). To plead a Section 1983 claim against a supervisor, like Mayor Liccardo or City Attorney Lipton, a plaintiff must allege a causal link between the supervisor and the constitutional violation allegedly enacted by his employees. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).

Plaintiff's Amended Complaint alleges only that her civil rights were violated and that she was discriminated against. The Court, however, still "is unable to understand what [c]onstitutional rights the defendants deprived her of," see Judge Cousins' Order at 4, because the grounds for her allegation that she was "single[d] out" are unclear. It is also unclear whether "singling out" even constitutes a constitutional violation as the only facts alleged are that no other home was cited. Bare conclusory statements like as "I have been singled out, discrimination, and violating my civil rights" are entitled to little deference." *See Iqbal*, 556 U.S. at 678 ("[A] court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Further, Plaintiff never connects Mayor Liccardo or City Attorney Lipton to the alleged civil rights violations, as is her obligation. *See Fayle* 607 F.2d at 862. She never explains their role in causing the alleged violations. Accordingly, a Section 1983 cause of action still has not been pled.

Case No.: 5:19-cv-03047-EJD
ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

3

### ii. Fraud

Plaintiff states the housing citation was "trumped up." Amended Complaint at 1. In other words, she seems to imply the citation is fraudulent. To plead a claim for fraud, a plaintiff must allege "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996). "The facts alleged in [the Amended Complaint still] do not address all of these elements." Judge Cousins' Order at 4. The Court can see how the City of San Jose's allegedly inaccurate citation could be false representation, however, Plaintiff still has not alleged that Mayor Liccardo or City Attorney Lipton knew of its falsity, intended to defraud her, that she justifiably relied on their misrepresentation, or any damages. *Id.* Accordingly, she still has not alleged a fraud claim.

### D. Jurisdiction

Finally, the Amended Complaint still does not allege a basis for the Court's jurisdiction as required under Federal Rule of Civil Procedure 8(a)(1). While the Section 1983 claim would provide this Court federal question jurisdiction pursuant to 28 U.S.C. § 1331, that cause of action was not adequately pled. The alternate ground, diversity jurisdiction, does not seem to exist here as it requires complete diversity, which seems unlikely as the parties are seemingly California residents.[2] Regardless of Plaintiff's current domicile, Plaintiff did not follow Judge Cousins' instructions to include grounds for jurisdiction in her amended complaint. *See* Judge Cousins' Order at 4. Without jurisdiction, this Court may not hear this case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## II. CONCLUSION

Plaintiff has failed to correct the complaint as instructed by Judge Cousins' June 11, 2019 Order and this Court's October 2, 2019 Order. *See* Cousins' Order at 5; Dkt. 19 at 5. The Court stated in its October 2 ruling that if Plaintiff did not remedy the deficiencies identified by Judge Cousins, the Court would dismiss the case with prejudice. The Court gave Plaintiff multiple

---

[2] There is some confusion about whether or not Plaintiff is now a Florida citizen or resides in California. Amended Complaint at 1.

Case No.: 5:19-cv-03047-EJD
ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE
4

opportunities to seek help, provided detailed orders instructing Plaintiff how to proceed, and extended the deadline to file an amended complaint. Despite this, Plaintiff has failed to remedy the deficiencies identified by this Court and Judge Cousins. Accordingly, Plaintiff's case is **DISMISSED with prejudice**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 5, 2019.

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-03047-EJD
ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE
5