UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY GUSTAFSON,<br>　　　　　Plaintiff,<br>　　v.<br>CITY OF SAN JOSE, et al.,<br>　　　　　Defendants. | Case No. 5:19-cv-03047-EJD<br>**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS**<br>Re: Dkt. No. 29 |

　　　　On November 5, 2019, this Court dismissed Plaintiff's first amended complaint with prejudice for failure to state a claim upon which relief can be granted. *See* Dkt. 25. On December 3, 2019, the Ninth Circuit directed this Court to determine whether Plaintiff's in forma pauperis status should continue during her appeal. *See Gustafson v. City of San Jose*, 2019 WL 5722474 (N.D. Cal. Nov. 5, 2019), *appeal docketed*, No. 19-17404 (9th Cir. Nov. 27, 2019). The Court may revoke Plaintiff's in forma pauperis status if it determines the appeal is frivolous or in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (noting that a litigant shows good faith by not appealing frivolous issues). "Frivolous means that no legal point is 'arguable on the merits.'" *Giebel v. Bonilla*, 2008 WL 11393106, at *1 (D. Mont. Dec. 17, 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

　　　　The Court determined that Plaintiff failed to plead adequate facts necessary to state a cause of action. The Court further noted that Plaintiff failed to remedy her inadequate pleadings on three separate occasions, despite being advised to seek assistance from the federal pro se program. These facts alone do not make an appeal frivolous. *See Neitzke*, 490 U.S. at 331 (holding

Case No.: 5:19-cv-03047-EJD
ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS
1

dismissal under Rule 12(b)(6) alone does not render a case frivolous). The larger issue is that the Court could barely decipher what legal claims Plaintiff was attempting to allege. To the extent the Court recognized *possible* claims, Plaintiff failed to adequately allege the legal elements comprising the causes of action. *See Gustafson*, 2019 WL 5722474 at *2. For example, Plaintiff's Section 1983 claim failed as a matter of law because Plaintiff never "linked" the supervisor's conduct to the alleged constitutional violation, which is her legal burden. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Likewise, Plaintiff never alleged "knowledge of falsity" or "intent to defraud" for her fraud claim. *Gustafson*, 2019 WL 5722474 at *2. Hence, the Court dismissed Plaintiff's claims not just for failure to plead enough facts to prove a cause of action, but also because Plaintiff failed to allege the legal elements constituting her causes of action. Thus, "no legal point is arguable on the merits" and so "any appeal in this matter is frivolous." *Giebel*, 2008 WL 11393106 at *1.

Accordingly, Plaintiff's in forma pauperis status is **REVOKED**.

**IT IS SO ORDERED.**

Dated: December 4, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-03047-EJD
ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS
2